UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| DANIEL DELACRUZ, | Case No. 23-cv-03034-VKD |
|---|---|
| Plaintiff, | **ORDER GRANTING TANIMURA & ANTLE DEFENDANTS' MOTION TO DISMISS COMPLAINT AND DENYING PLAINTIFF'S MOTION TO STRIKE** |
| v. | |
| TANIMURA & ANTLE, INC., et al., | |
| Defendants. | Re: Dkt. Nos. 7, 25 |

Plaintiff Daniel Delacruz, who is representing himself, filed this action against defendants Tanimura & Antle, Inc. ("TAI"), Mike Antle, Carmen Ponce, and Claudia Quirarte, asserting, among other things, that defendants unlawfully discriminated and retaliated against him based on a disability. Dkt. No. 1. Defendants TAI, Mr. Antle, and Ms. Ponce (collectively, "TAI defendants"), move pursuant to Rules 8 and 12(b)(6)[1] to dismiss Mr. Delacruz's complaint.[2] Dkt. No. 7. Mr. Delacruz opposes the motion. Dkt. No. 19. He also filed a motion to strike the TAI defendants' untimely reply papers, which the TAI defendants oppose. Dkt. Nos. 25, 27. The Court deemed the matter suitable for determination without oral argument. Dkt. No. 26. Upon consideration of the moving and responding papers, the Court denies Mr. Delacruz's motion to strike and grants the TAI defendants' motion to dismiss the complaint.[3]

---

[1] Although the TAI defendants also refer to Rule 12(b)(1) as a basis for the present motion, they acknowledge that four of Mr. Delacruz's claims are based on federal law. *See* Dkt. No. 7 at 10. Their arguments for dismissal appear to be more properly characterized as ones under Rule 12(b)(6) and will be addressed as such.

[2] The Court addresses Ms. Quirarte's motion to dismiss in a separate order.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally

## I. BACKGROUND

According to his complaint, Mr. Delacruz has been diagnosed with Fabry Disease, a rare hereditary enzyme deficiency disorder, for which he receives enzyme replacement therapy ("ERT") "on a regular basis to prevent chronic organ failure and death." Dkt. No. 1 ¶¶ 19, 22. Defendant Claudia Quirarte is identified as a registered nurse, who works at the medical facility where Mr. Delacruz received ERT. *Id*. ¶ 52. Defendant TAI is a produce company that employed Mr. Delacruz from about April 1988 to July 1996. *See id*. ¶ 21; *see also id*. Ex. 8 at ECF 58. Defendant Mike Antle is identified as an "owner, employee, and a Vice President" of TAI. Dkt. No. 1 ¶ 8. Defendant Carmen Ponce is alleged to be TAI's "Vice President of Human Resources and Assistant General Counsel[.]" *Id*. ¶ 9.

Mr. Delacruz alleges that on one occasion, apparently some time before 1999 when Mr. Delacruz was still employed by TAI, Rick Antle (identified as TAI's president, now deceased) was in a break room eating one of TAI's salad products with heavy dressing. *Id*. ¶ 21; *see also id*. ¶ 22. When Mr. Delacruz commented, "[B]e careful, that stuff can give you a heart attack," Rick Antle reportedly replied, "[Y]ou're the one that needs to worry about that stuff!" Dkt. No. 1 ¶ 21. According to Mr. Delacruz, Rick Antle's response was a gloating reference to Mr. Delacruz's enzyme deficiency disorder and an indication that Rick Antle believed that he would outlive Mr. Delacruz. *Id*.

The complaint alleges that years later, in 2018, Rick Antle passed away. *Id*. ¶ 23. In 2019, during one of Mr. Delacruz's ERT procedures, Mr. Delacruz "recited Rick Antle's malevolent gloat made towards [Mr. Delacruz] and the irony of Rick Antle's death[.]" *Id*. Ms. Quirarte allegedly overheard Mr. Delacruz's comment and repeated it to defendants Mike Antle and Ms. Ponce. *Id*. Mr. Delacruz alleges that this caused Mr. Antle and Ms. Ponce to seek "new means to harass and interfere with [his] health services" and "to fulfill the death threats" that Mr. Delacruz says he has received. *Id*. In essence, Mr. Delacruz claims that Mr. Antle and Ms. Ponce caused Ms. Quirarte to interfere with his medical services. For example, Mr. Delacruz alleges that,

---

adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 9, 14.

among other falsehoods, Mr. Antle and Ms. Ponce continue to disseminate to Ms. Quirarte and other people, "their fraudulent claim that [Mr. Delacruz] is not disabled[.]" *Id*. ¶¶ 49, 50; *see also id*. ¶ 57. As a result, during medical appointments, Ms. Quirarte allegedly would "contemptuously star[e]" at Mr. Delacruz and make "snide[] remark[s]," such as observing that Mr. Delacruz did "not look disabled" or exclaiming "Look, he's going to start complaining!" *Id*. ¶¶ 53, 57. Additionally, Mr. Delacruz alleges that Ms. Quirarte tampered with his ERT medication; omitted ERT medication from his intravenous bags, causing his "various organ functions to deteriorate over time including his central nervous system resulting in tremors to his hands and loss of dexterity"; and departed from medical protocols by giving a disposable medical pillowcase stained with Mr. Delacruz's blood to Mr. Antle and Ms. Ponce "to use for their nefarious purposes" and to further harass [Mr. Delacruz] by fraudulently disputing his disability as they have for over twenty years." *Id*. ¶¶ 54-62; *see also id*. ¶ 26.

Mr. Delacruz's remaining allegations concern a number of other events, including some dating from the 1990s, such as (1) death threats Mr. Delacruz says he received from his co-workers at TAI; (2) Mr. Delacruz's August 1996 complaint with the California Labor Commissioner, alleging wage violations by TAI; (3) Mr. Delacruz's October 1996 complaint against TAI, alleging violations of the California Occupational Safety and Health Act ("Cal-OSHA"); (4) Mr. Delacruz's 1997 charges filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission, leading to a 1998 state court lawsuit against TAI for alleged race discrimination (among other things) that settled in 1999 after the parties executed a settlement agreement; (5) a prior action filed by the EEOC in 1999 on behalf of a class of TAI employees arising out of allegations of sexual harassment; (6) a 2000 action against Mr. Delacruz to enforce the 1999 settlement agreement; (7) proceedings in Mr. Delacruz's April 2001 bankruptcy action; (8) the California State Bar's investigation of Mr. Delacruz and the denial of his application for a law license; and (9) Mr. Delacruz's 2014 federal lawsuit filed in this district against the California State Bar, the TAI defendants, and others arising from the denial of his law license. Mr. Delacruz also alleges that the TAI defendants have conducted secret appraisals of his property and that in October 2019, the TAI defendants hired a

3

1    private investigator to follow him.  *See id.* ¶¶ 26-39, 41-45 & Exs. 1-9.

2    Mr. Delacruz's complaint asserts six claims for relief against all defendants, four of which
3    are based on federal law:  disability discrimination and retaliation under the Americans with
4    Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. and various implementing regulations (claim
5    1); civil rights violations, 42 U.S.C. § 1983 (claim 2); breach of contract, 42 U.S.C. § 1981 (claim
6    3); and request for "Order to Show Cause re Specific Performance and Injunctive Relief," 42
7    U.S.C. § 1981 (claim 4).  The remaining two claims for relief are based on California state law:
8    disability discrimination under the California Unruh Civil Rights Act (Cal. Civ. Code § 51, *et seq*.)
9    and the Disabled Persons Act (Cal. Govt. Code § 12948) (claim 5); and violation of Article I, § 1
10   of the California Constitution (claim 6).

11   The TAI defendants move to dismiss Mr. Delacruz's complaint primarily on the ground
12   that all of his claims are barred by res judicata.[4]  They also contend that Mr. Delacruz's complaint
13   should be dismissed because his allegations do not meet the standards of Rules 8 and 12(b)(6) and
14   fail to state any plausible claim for relief.

15   **II.    DISCUSSION**

16       **A.    Mr. Delacruz's Motion to Strike**

17   Mr. Delacruz moves to strike the TAI defendants' reply brief (Dkt. No. 24) as untimely.
18   He correctly notes that their reply was due by August 14, 2023, but was not filed until over two
19   weeks later on September 1, 2023.  The TAI defendants have not shown good cause for their
20   failure to timely file their reply.  Although they state that they mistakenly relied on a well-outdated
21   version of the Court's Civil Local Rules, the TAI defendants are represented by counsel.
22   Attorneys practicing in this district are expected to be familiar, and to comply, with the Court's
23   Civil Local Rules.  The rule in this district has, for years, been that "[u]nless otherwise ordered by
24   the Court, the continuance of the hearing of a motion does *not* extend the time for filing and
25   serving the opposing papers or reply papers."  Civil L.R. 7-7(d) (emphasis added).

---

[4] On the present motion, the Court finds it unnecessary to address the TAI defendants' additional argument that Mr. Delacruz's claims are also barred by the *Noerr-Pennington* doctrine.  *See Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc*. 365 U.S. 127 (1961) and *United Mineworkers of Am. v. Pennington*, 381 U.S. 657 (1965).

At the same time, however, Mr. Delacruz does not contend that he has been prejudiced by the TAI defendants' untimely filing. Indeed, he used his motion to strike as a means for submitting unauthorized and improper sur-reply arguments. *See* Civil L.R. 7-3(d) (providing that generally, with exceptions that do not apply here, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without Court approval[.]"). Under these circumstances, the Court denies Mr. Delacruz's motion to strike and has considered the TAI defendants' belated reply arguments. The Court has also exercised its discretion to consider Mr. Delacruz's unauthorized sur-reply arguments. However, the parties are admonished that all future filings must adhere to all applicable rules and orders.

### B.     Rule 8

The TAI defendants argue that the complaint should be dismissed for failure to comply with the general rules for pleading set out in Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to include a short and plain statement indicating the grounds for jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims that are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id*. Although "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a), *McHenry*, 84 F.3d at 1178-79.

With respect to the TAI defendants, Mr. Delacruz's complaint fails to comply with Rule 8's mandate to provide a short and plain statement of each claim showing that he is entitled to relief. His complaint contains sweeping allegations about myriad incidents and events spanning several decades, without establishing the relevance of, or any clear connection between, those prior events and the claims that Mr. Delacruz purports to assert in this action. The complaint recites and merges experiences ranging from Mr. Delacruz's disputes with co-workers at TAI, past

legal proceedings brought by Mr. Delacruz and others against the company, his bankruptcy action, and his unsuccessful application for a California law license. Mr. Delacruz argues that Rule 8 should be construed in a way that "[a]voids [c]onstitutional [i]nfirmities." Dkt. No. 13 at 8. However, unlike some of the cases he cites in support of this argument, *United States v. Delaware & Hudson Co.*, 213 U.S. 366 (1909) and *Allgeyer v. Louisiana*, 165 U.S. 578 (1897), the present action does not involve a constitutional challenge to any rule or statute.

Mr. Delacruz argues that defendants' alleged conduct over the past twenty years or so serves as relevant background evidence, and he seems to indicate that his claims in this action principally concern events beginning around June 2019, involving the TAI defendants' alleged interference with medical treatments provided by Ms. Quirarte. *See* Dkt. No. 25 at 7; Dkt. No. 13 at 4-5. However, the complaint makes no distinction between factual allegations that support the asserted claims and mere background information.

In sum, the complaint's allegations concerning the TAI defendants are so prolix that they fail to provide fair notice of the grounds on which Mr. Delacruz's claims rest. The Court therefore concludes that Mr. Delacruz's complaint violates Rule 8 and is subject to dismissal. Fed. R. Civ. P. 8(a)(2). Although the TAI defendants contend that the complaint appropriately may be dismissed on this basis alone, the Court first looks to less drastic alternatives to dismissal. *McHenry*, 84 F.3d at 1178. As discussed below, even liberally construing Mr. Delacruz's allegations, the complaint fails, in any event, to state facts supporting a plausible claim relief.

**C.     Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual

allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999. Thus, a court properly may take judicial notice of matters of public record, but cannot take judicial notice of disputed facts contained within such records. *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

### 1. TAI Defendants' Request for Judicial Notice

The TAI defendants request that the Court take judicial notice of several documents, including those filed in Mr. Delacruz's prior federal case against the California State Bar and others, Case No. 5:14-cv-05336-EJD *Delacruz v. The State Bar of California, et al.* As those documents are matters of public record that "can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), the Court grants the TAI defendants' request, but only as to those documents that are necessary to the disposition of the present motion. Accordingly, the Court takes judicial notice of the following documents from Mr. Delacruz's prior federal action: (1) Mr. Delacruz's complaint (Request for Judicial Notice ("RJN") Dkt. No. 7-3, Ex. A), (2) District Court's September 29, 2015 order granting defendants' motions to dismiss (RJN, Dkt. No. 7-3, Ex. B); (3) Mr. Delacruz's first amended complaint (RJN, Dkt. No. 7-3, Ex. E); (4) District Court's August 25, 2017 order granting motions to dismiss (RJN, Dkt. No. 7-3, Ex. F); (5) District Court's August 25, 2017 judgment (RJN, Dkt. No. 7-3, Ex. G); (6) Ninth Circuit's April 15, 2019 order (RJN, Dkt. No 7-3, Ex. L); (7) Ninth Circuit's May 29, 2019 order (RJN, Dkt. No. 7-3, Ex. N); and (8) U.S. Supreme Court's October 7, 2019 denial of petition for writ of certiorari (RJN, Dkt. No. 7-3, Ex. P). The Court does not take judicial notice of disputed facts included in these public records. *Khoja*, 899 F.3d at 999 (citing *Lee*, 250 F.3d at 689).

### 2. Res Judicata

The doctrine of res judicata, also known as claim preclusion, "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc*., 140 S. Ct. 1589, 1594 (2020); *see also Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."). "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1594; *see also U.S. v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (res judicata applies where the party asserting the doctrine shows that three requirements between the two actions are present: (1) identity of claims, (2) a final judgment on the merits in the first action, and (3) identity or privity between parties.). A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action

or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir.1986); *see also Simmons v. Am. Airlines*, No. C-01-1074-JCS, 2002 WL 102604, at *4 (N.D. Cal. Jan. 23, 2002) (holding that following adjudication of discrimination claim, res judicata barred plaintiff from introducing slander claim arising from the same transactional nucleus of facts).

Mr. Delacruz does not, and cannot, dispute that his prior federal action was brought against the TAI defendants, involved some of the same claims, and appears to concern many of the same facts that are asserted in his present complaint, including allegations about death threats Mr. Delacruz says he received from his TAI co-workers, Mr. Delacruz's state court lawsuit against TAI and the 1999 settlement agreement resolving that suit, proceedings in 2000 against Mr. Delacruz to enforce the 1999 settlement agreement, events in Mr. Delacruz's bankruptcy action, and events in connection with Mr. Delacruz's unsuccessful application for a California law license. On the present briefing, however, it is not clear whether and to what extent Mr. Delacruz's claims may be barred by res judicata, in view of the fact that his prior federal action was dismissed, at least in part, on jurisdictional grounds. Moreover, for the reasons discussed above, the prolix allegations of Mr. Delacruz's present complaint do not provide sufficient notice of the basis for Mr. Delacruz's claims, and impair meaningful analysis of whether res judicata may apply.

There are aspects of Mr. Delacruz's present complaint that do not concern the same parties, insofar as Mr. Delacruz's claims concern Ms. Quirarte. And there are some facts that the TAI defendants have not established could have been litigated in Mr. Delacruz's earlier federal action—namely, an alleged October 2019 encounter between Mr. Delacruz and a private investigator he says the TAI defendants hired to follow him (Dkt. No. 1 ¶ 31), the TAI defendants' alleged dissemination of information to Ms. Quirarte (*id*. ¶¶ 49, 50), and the TAI defendants' alleged receipt of a medical pillowcase from Ms. Quirarte stained with Mr. Delacruz's blood (*id*. ¶ 56). The TAI defendants maintain that even if these matters are not barred by res judicata, Mr. Delacruz's complaint fails to state sufficient facts supporting plausible claims for relief. For the reasons discussed below, the Court agrees.

### 3. Disability Discrimination and Retaliation under the ADA

The ADA is comprised of four titles and prohibits disability discrimination in employment (Title I, 42 U.S.C. §§ 12111-12117); in public services and programs by public entities (Title II, 42 U.S.C. §§ 12131-12165); and in public accommodations and services by private entities (Title III, 42 U.S.C. §§ 12181-12189). Title IV (42 U.S.C. §§ 12201-12213) contains miscellaneous provisions, including an anti-retaliation provision. *See* 42 U.S.C. § 12203. While Mr. Delacruz's complaint references that anti-retaliation provision, he does not otherwise identify which provisions or titles of the ADA defendants have violated. With respect to his allegations against the TAI defendants, nothing in the complaint indicates that Mr. Delacruz's claim arises under Titles II or III. For the reasons discussed below, the Court concludes that the complaint does not state a plausible claim for discrimination or retaliation under Titles I or IV.

Title I prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "Title IV of the ADA precludes retaliation against employees who seek to enforce their statutory rights under the ADA." *Head v. Glacier N.W., Inc.*, 413 F.3d 1053, 1064 n.54 (9th Cir. 2005) (citation omitted), *overruled on other grounds by Murray v. Mayo Clinic*, 934 F.3d 1101 (9th Cir. 2019). Even assuming, without deciding, that Mr. Delacruz is a "qualified individual" for purposes of stating a Title I ADA claim, his complaint indicates that his ADA claim has nothing to do with "job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Indeed, the complaint indicates that Mr. Delacruz's employment with TAI ended nearly thirty years ago. *See* Dkt. No. 1, Ex. 8 at ECF 58. Rather, as pled in the complaint, Mr. Delacruz's claim appears to be based on allegations that beginning around June 2019, the TAI defendants caused Ms. Quirarte to interfere with his ERT treatment based on defendants' (false) claim that Mr. Delacruz is not disabled, as well as ill will stemming from Mr. Delacruz's 2019 comment about Rick Antle's death. *See* Dkt. No. 1 ¶¶ 23, 49, 50, 57.

Mr. Delacruz alleges no facts that could support a cognizable claim for employment-

10

1  related disability discrimination or retaliation under Titles I or IV of the ADA. Moreover, Mr.
2  Delacruz's allegations that Ms. Quirarte acted as an agent of the TAI defendants (*see* Dkt. No. 1
3  ¶ 7) are entirely conclusory. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Accordingly, Mr.
4  Delacruz's claim for disability discrimination and retaliation as to the TAI defendants is
5  dismissed. There is no indication that Mr. Delacruz's claim could be cured by the allegation of
6  additional facts on amendment. The fact that his employment with TAI ended nearly thirty years
7  ago suggests that amendment would be futile. Mr. Delacruz's ADA claim, as to the TAI
8  defendants, is dismissed without leave to amend.

### 4. 42 U.S.C. § 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). A claim for civil rights violations under § 1983 requires two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The TAI defendants argue that Mr. Delacruz's § 1983 claim fails because there are no allegations that they acted under color of state law. *See* Dkt. No. 7 at 18.

In some circumstances, a private party may be considered a state actor for purposes of a § 1983 claim. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) ("The Supreme Court has articulated four tests for determining whether a private party's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test.") (internal citation omitted, alteration adopted). Mr. Delacruz argues that the TAI defendants "acted under color of state law under § 1983 because of their collusion with the State Bar with evidence tampering and falsehoods." Dkt. No. 13 at 9-10. Those allegations are entirely conclusory, and there are no facts alleged that plausibly support any "collusion" between the TAI defendants and the California State Bar, such that the TAI defendants

1 could be considered state actors for purposes of Mr. Delacruz's § 1983 claim. Nor does the

2 complaint assert any facts establishing any plausible connection between the California State Bar

3 and the TAI defendants' alleged interference with Mr. Delacruz's medical treatment in 2019.

4 Accordingly, the TAI defendants' motion to dismiss the § 1983 claim is granted. There is

5 no indication that Mr. Delacruz's claim could be cured by the allegation of additional facts on

6 amendment. Mr. Delacruz's § 1983 claim, as to the TAI defendants, is dismissed without leave to

7 amend.

### 5. 42 U.S.C. § 1981

Mr. Delacruz's third and fourth claims for relief are based on 42 U.S.C. § 1981, which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "Although § 1981 does not itself use the word 'race,'" the Supreme Court "has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *see also Runyon v. McCrary*, 427 U.S. 160, 168 (1976) ("It is now well established that . . . 42 U.S.C. § 1981, prohibits racial discrimination in the making and enforcement of private contracts."); *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003) (noting that under *Runyon*, "§ 1981 applies only to race-based discrimination.").

Mr. Delacruz's § 1981 claims appear to be based on allegations that the TAI defendants' alleged conduct "from around June 26, 2019, to the present" "interfere[ed] with [his] medical care" and therefore violated provisions of the 1999 settlement agreement resolving his prior state court lawsuit against TAI. *See* Dkt. No. 1 ¶¶ 84-93. Additionally, Mr. Delacruz states that he "is a Latino[.]" Dkt. No. 13 at 9. But his complaint states no facts even suggesting that any of the TAI defendants' alleged actions were taken because of his race. Rather, as pled in the complaint, the TAI defendants' reportedly caused Ms. Quirarte to interfere with Mr. Delacruz's ERT

12

1    treatment based on defendants' (false) claim that Mr. Delacruz is not disabled, as well as from ill
2    will stemming Mr. Delacruz's 2019 comment about Rick Antle's death. *See* Dkt. No. 1 ¶¶ 23, 49,
3    50, 57. Mr. Delacruz's complaint therefore does not give rise to a plausible claim for relief under
4    § 1981.

5    Accordingly, the TAI defendants' motion to dismiss the § 1981 claims is granted. As is it
6    is not apparent from the record presented that his pleading could be cured by the allegations of
7    additional facts on amendment, Mr. Delacruz's third and fourth claims for relief under 42 U.S.C.
8    § 1981 are dismissed without leave to amend.

### D.  State Law Claims

Where a federal court has original jurisdiction over a claim pursuant to federal law, it also has supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367(a). A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As discussed above, as all of Mr. Delacruz's federal claims are dismissed without leave to amend, the Court declines to exercise supplemental jurisdiction over Mr. Delacruz's remaining state law claims. Mr. Delacruz's state law claims therefore are dismissed without prejudice.

### III.  CONCLUSION

Based on the foregoing, the TAI defendants' motion to dismiss Mr. Delacruz's federal claims pursuant to Rule 8 and Rule 12(b)(6) is granted without leave to amend. The Court declines to exercise supplemental jurisdiction over Mr. Delacruz's remaining state law claims and dismisses those claims without prejudice.

**IT IS SO ORDERED.**

Dated: October 20, 2023

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge