UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL DELACRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>TANIMURA & ANTLE, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03034-VKD<br><br>**ORDER DENYING PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 67 |

Plaintiff Daniel Delacruz, who is representing himself, moves pursuant to Rule 60 for relief from the judgment entered on July 25, 2024. Dkt. Nos. 67, 77. Defendants Tanimura & Antle, Inc. ("TAI"), Mike Antle, and Carmen Ponce (collectively, "TAI defendants") and Claudia Quirarte oppose the motion. Dkt. Nos. 73, 74. The matter was deemed suitable for determination without oral argument. *See* Civil L.R. 7-1(b); Dkt. No. 80.[1]

I. **BACKGROUND**

Mr. Delacruz filed this action against the TAI defendants and Ms. Quirarte, asserting, among other things, unlawful disability discrimination under the Americans with Disabilities Act. Dkt. No. 1. The Court granted defendants' respective motions to dismiss Mr. Delacruz's claims (Dkt. Nos. 28, 29, 52, 53, 64, 65), and Mr. Delacruz amended his complaint twice, asserting federal claims only against Ms. Quirarte (Dkt. Nos. 34, 55).

On July 25, 2024, the Court issued orders dismissing Mr. Delacruz's sole federal claim under Section 504 of the Rehabilitation Act asserted against Ms. Quirarte, and declined to exercise

---

[1] Mr. Delacruz also requested that his Rule 60 motion be decided on the papers without a hearing. Dkt. No. 67-1 at 2.

jurisdiction over any state law claims for relief. Dkt. Nos. 64, 65. As the operative second amended complaint asserted only state law claims against the TAI defendants for breach of contract and violation of Mr. Delacruz's privacy rights under the California Constitution, the Court dismissed those claims without prejudice to Mr. Delacruz asserting those claims in an appropriate state court. *See* Dkt. No. 65 at 2. On July 25, 2024, the Court entered judgment in defendants' favor and against Mr. Delacruz. Dkt. No. 66.

Mr. Delacruz now moves pursuant to Rule 60 for relief from the judgment. Dkt. Nos. 67, 77. He argues that such relief is warranted under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect," as well as under Rule 60(b)(6) for "any other reason that justifies relief." Upon consideration of the moving and responding papers, as well as relevant matters in the record, the Court denies Mr. Delacruz's Rule 60 motion.

## II. LEGAL STANDARD

Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for several enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relief under Rule 60(b) is available only in extraordinary circumstances. *See Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006). Determination of a Rule 60(b) motion is "committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994).

## III. DISCUSSION

Mr. Delacruz principally disputes the Court's conclusion that Ms. Quirarte cannot be sued under the Rehabilitation Act. *See* Dkt. No. 67 at 2-4; Dkt. No. 77 at 1-2. In its order dismissing the Rehabilitation Act claim against Ms. Quirarte, the Court noted that "[t]he Rehabilitation Act's definitions of 'program or activity' do not include individuals." The Court agreed with those courts that have concluded that the Rehabilitation Act does not provide for individual liability.

*See* Dkt. No. 64 at 8-10. In seeking relief from judgment, Mr. Delacruz misplaces reliance on inapposite cases concerning whether the Rehabilitation Act applies to claims brought *by* individual employees or independent contractors *against the entities* for which they worked. *See Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938 (2009) (Rehabilitation Act applied to claims brought by independent contractor against hospital); *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338 (8th Cir. 2006) (Rehabilitation Act did not apply to claims brought by independent contractor against hospital and doctors). Mr. Delacruz's citation to other district court decisions permitting Rehabilitation Act claims to proceed against individual defendants in certain circumstances does not establish extraordinary grounds for relief from judgment. *See Johnson v. New York Hosp.*, 897 F. Supp. 83, 85 (S.D.N.Y. 1995) (denying motion to dismiss Rehabilitation Act claim against individual doctor who was president of defendant hospital who played significant role in hospital's allegedly discriminatory employment decision); *Doe v. City of Chicago*, 883 F. Supp. 1126, 1136-37 (N.D. Ill. 1994) (denying motion to dismiss Rehabilitation Act claim against physician in individual and official capacities based on testing of applicants seeking employment with the police department). As discussed in the Court's order dismissing the Rehabilitation Act claim against Ms. Quirarte, no allegations suggest that such circumstances are presented here. Mr. Delacruz's statement that he sued Ms. Quirarte in her "official capacity" as a registered nurse and "agent of the U.S. Department of Health and Human Services via the Affordable Care Act and Covered California" (Dkt. No. 67 at 7, 8) does not change the Court's analysis. As a general matter, "official-capacity" suits are simply another way of pleading an action against an entity of which a government official is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dept. of Soc. Servs.,* 436 U.S. 658, 690, n.55 (1978)). On a prior motion to dismiss Mr. Delacruz's first amended complaint, the Court found that Mr. Delacruz's allegations that Ms. Quirarte is an agent of the government by operation of certain healthcare statutes are speculative, conclusory, and unsupported by any facts. *See* Dkt. No. 52 at 8. Those allegations remained essentially unchanged in his second amended complaint. *See* Dkt. No. 34 ¶ 6; Dkt. No. 55 ¶ 6. Mr. Delacruz's present motion offers no different or additional bases to conclude that Ms. Quirarte is a government official and may be sued in her "official capacity."

1    Mr. Delacruz's request to now add Central Coast Nephrology as a defendant is untimely.
2    In its prior order on Ms. Quirarte's motion to dismiss Mr. Delacruz's first amended complaint, the
3    Court noted that it was "not apparent whether [a Rehabilitation Act claim] properly may be
4    maintained against Ms. Quirarte individually, as the Rehabilitation Act, on its face, states that the
5    Act applies to entities that receive federal funding." Dkt. No. 52 at 9. Mr. Delacruz has not
6    explained why he did not name Central Coast Nephrology as a defendant, or why he could not do
7    so earlier. In any event, Rule 60(b) does not provide relief from the effect of litigation decisions
8    that, in hindsight, a party wishes were different. *See Latshaw*, 452 F.3d at 1099, 1101.

Mr. Delacruz's arguments based on the Fourth and Fourteenth Amendments of the U.S. Constitution (Dkt. No. 67 at 9-10) do not provide a basis for altering or amending the judgment under Rule 60, as he has not asserted such claims in the action. *See* Dkt. No. 67 at 9, 10. Nor does the Court find any grounds to conclude that the Eighth Amendment of the U.S. Constitution requires relief from judgment.[2] Additionally, Mr. Delacruz has not established this Court's authority to properly "recharacterize" his state law claims as federally created claims or as claims falling within the "special and small category" of claims presenting a substantial federal question, so as to establish federal jurisdiction over those state law claims for relief. *See Negrete v. City of Oakland*, 46 F.4th 811, 816-17 (9th Cir. 2022) (describing two ways in which a case can "arise under" federal law). While the Ninth Circuit has "narrowly recognized" circumstances in which "a state court action may properly be characterized as asserting a disguised direct federally created cause of action, equivalent to a motion under Federal Rule of Civil Procedure 60, to obtain relief from the terms of a federal consent decree," *id.* at 818 (citing cases), such circumstances are not presented here.[3] Although Mr. Delacruz points to arguments defendants presented on the prior motions to dismiss, arguments by defendants also do not provide a basis for federal jurisdiction

---

[2] The Eighth Amendment applies only to those convicted of crimes. *Hawkins v. Comparet-Cassani,* 251 F.3d 1230, 1238 (9th Cir. 2001).

[3] Nor do the other cases Mr. Delacruz cites support the exercise of jurisdiction over his state law claims. *See Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir. 1994) (collateral attack on federal consent decree); *Villareal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1976) (claims alleging fraud during settlement process).

4

over Mr. Delacruz's state law claims. *See Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009).

Mr. Delacruz argues that he has established "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See* Dkt. No. 77. However, Rule 60(b)(6) is to be used "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quotations and citation omitted). Mr. Delacruz has not demonstrated "both injury and circumstances beyond his control that prevented him from proceeding with the prosecution . . . of the action in a proper fashion." *Id*.

Accordingly, Mr. Delacruz has not established that he is entitled to relief from judgment.

## IV. CONCLUSION

Based on the foregoing, Mr. Delacruz's Rule 60 motion for relief from judgment is denied.

**IT IS SO ORDERED.**

Dated: November 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge