UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| DANIEL DELACRUZ,<br><br>Plaintiff,<br><br>v.<br><br>TANIMURA & ANTLE, INC., et al.,<br><br>Defendants. | Case No.  23-cv-03034-VKD<br><br>**ORDER DENYING TAI DEFENDANTS'<br>MOTION TO DEEM DANIEL<br>DELACRUZ, SR. A VEXATIOUS<br>LITIGANT**<br><br>Re: Dkt. No. 69 |

Defendants Tanimura & Antle, Inc. ("TAI"), Mike Antle, and Carmen Ponce (collectively, "TAI defendants") renew their motion for an order declaring Mr. Delacruz a vexatious litigant. Dkt. Nos. 69, 79.  Plaintiff Daniel Delacruz opposes the motion.  Dkt. No. 75.  The Court heard oral argument on the motion on October 15, 2024.  Dkt. No. 81.

**I.    BACKGROUND**

Mr. Delacruz, who is representing himself, filed this action against the TAI defendants and defendant Claudia Quirarte, asserting, among other things, unlawful disability discrimination under the Americans with Disabilities Act.  Dkt. No. 1.  The Court granted defendants' respective motions to dismiss Mr. Delacruz's claims (Dkt. Nos. 28, 29, 52, 53, 64, 65), and Mr. Delacruz amended his complaint twice, asserting federal claims only against Ms. Quirarte (Dkt. Nos. 34, 55).  The Court also denied the TAI defendants' motion to deem Mr. Delacruz a vexatious litigant "without prejudice to the TAI defendants reasserting the same request at a later point in these proceedings."  Dkt. No. 54.

On July 25, 2024, the Court issued an order dismissing Mr. Delacruz's sole federal claim for relief asserted against Ms. Quirarte and declined to exercise jurisdiction over any state law

United States District Court
Northern District of California

1    claims for relief.  Dkt. Nos. 64, 65.  As the operative second amended complaint asserted only

2    state law claims against the TAI defendants, the Court dismissed those claims without prejudice to

3    Mr. Delacruz asserting those claims in an appropriate state court.  *See* Dkt. No. 65 at 2.  On July

4    25, 2024, the Court entered judgment in defendants' favor and against Mr. Delacruz.  Dkt. No. 66.

5        On August 5, 2024, the TAI defendants filed a renewed motion to deem Mr. Delacruz a

6    vexatious litigant.  Dkt. Nos. 69, 79.  Upon consideration of the moving and responding papers,[1]

7    as well as the oral arguments presented, the Court denies the motion to deem Mr. Delacruz a

8    vexatious litigant.

9    **II.     LEGAL STANDARD**

10       Federal courts can "regulate the activities of abusive litigants by imposing carefully

11   tailored restrictions under the appropriate circumstances."  *De Long v. Hennessey*, 912 F.2d 1144,

12   1147 (9th Cir. 1990) (quotations and citation omitted).  "The All Writs Act, 28 U.S.C. § 1651(a),

13   provides district courts with the inherent power to enter pre-filing orders against vexatious

14   litigants."  *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1057 (9th Cir. 2007).  "Flagrant

15   abuse of the judicial process cannot be tolerated because it enables one person to preempt the use

16   of judicial time that properly could be used to consider the meritorious claims of other litigants."

17   *De Long*, 912 F.2d at 1148.  A district court therefore has discretion to restrict a litigant's future

18   filings by requiring leave of court.  *See id*. at 1146-47.

19       "Restricting access to the courts is, however, a serious matter."  *Ringgold-Lockhart v.*

20   *Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014).  "Out of regard for the constitutional

21   underpinnings of the right to court access, 'pre-filing orders should rarely be filed,' and only if

22   courts comply with certain procedural and substantive requirements."  *Id*. at 1062 (quoting *De*

23   *Long*, 912 F.2d at 1147).  Before issuing a pre-filing order, a district court must:  (1) give "the

24

25   _____

26   [1] The Court grants the TAI defendants' request for judicial notice of documents filed in other
     litigation, including in this district and in the present action before this Court.  *See* Fed. R. Evid.
27   201; Dkt. Nos. 7-2, 7-3; Dkt. No. 70 & Exs. A-G.  The Court takes judicial notice as to the nature
     and general content of those documents, but not as to any disputed matters or the truth of any
28   matters stated therein.  In resolving the present motion, the Court finds it unnecessary to consider
     materials Mr. Delacruz submitted for judicial notice.  Accordingly, his request for judicial notice
     (Dkt. No. 76) is denied as moot.

United States District Court
Northern District of California

1  litigant . . . notice and a chance to be heard before the order is entered"; (2) "compile 'an adequate

2  record for review'"; (3) "make substantive findings about the frivolous or harassing nature of the

3  plaintiff's litigation"; and (4) narrowly tailor the order "to closely fit the specific vice

4  encountered.'"  *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1147-48).[2]

5  ### III.    DISCUSSION

6          Mr. Delacruz argues that the present motion is untimely, as it was filed nearly two weeks

7  after the Court entered judgment and closed this case.  The TAI defendants maintain that the Court

8  properly may entertain a motion to declare Mr. Delacruz a vexatious litigant, notwithstanding the

9  dismissal of the underlying claims and the Court's entry of judgment.  However, the cases cited by

10  the TAI defendants are not squarely on point, as they concern Rule 11 motions or motions for pre-

11  filing orders that were filed *before* the dismissal of the underlying action.  *See Cooter & Gell v.*

12  *Hartmarx Corp.,* 496 U.S. 384, 390 (1990) (Rule 11 motion heard before plaintiff's voluntary

13  dismissal became effective); *Leong v. Havens*, No. 20-cv-05236-JST, 20-cv-08091-JST, 2020 WL

14  7585841, at *7 (N.D. Cal. Dec. 21, 2020) (issuing post-remand vexatious litigant order where

15  identical serially removed action remained open and pending before the court); *Eng v. Marcus &*

16  *Millichap Co.*, No. 10-cv-05050 CRB, 2011 WL 2175207, *1 (N.D. Cal. June 3, 2011) (Rule

17  11/vexatious litigant motion filed before plaintiff voluntarily dismissed his complaint).  While the

18  Court has not found authority directly addressing this issue, the Ninth Circuit has held in different

19  circumstances that the filing of a notice of appeal does not divest a district court of jurisdiction to

20  enforce its judgments, including through the issuance of pre-filing orders.  *See Ringgold-Lockhart*,

21  761 F.3d at 1062 n.2; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d

22  1515, 1524 (9th Cir. 1983) (district court retains jurisdiction to enforce its judgment through

23  injunctions against repetitive litigation).

24          But even assuming, without deciding, that the TAI defendants timely filed the present

25  motion, on the record presented the Court cannot say that Mr. Delacruz's litigation conduct meets

26

27  [2] At the motion hearing, the TAI defendants stated that their most cogent authority for the issuance
    of a pre-filing order is *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986).  The Ninth
28  Circuit, however, has established its own standard, and it is that standard which the Court applies
    here.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the "frivolous or harassing" requirement, with the certainty needed to meet the high standard for a

2   pre-filing order. Before issuing a pre-filing order, a district court must "make substantive findings

3   as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.3d at 1148

4   (quotations and citation omitted). "To make such a finding, the district court needs to look at both

5   the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.*

6   (quotations and citation omitted). While there is no numeric definition for frivolousness, a "court

7   [must] make a finding that the number of complaints was inordinate." *Ringgold-Lockhart*, 761

8   F.3d at 1064 (quotations and citation omitted). "Litigiousness alone is not enough[.]" *Id.*

9   Additionally, "the textual and factual similarity of a plaintiff's complaints, standing alone, is not a

10  basis for finding a party to be a vexatious litigant." *Molski*, 500 F.3d at 1061. "The plaintiff's

11  claims must not only be numerous, but also be patently without merit." *Id.* at 1059 (quotations

12  and citation omitted).

13      The TAI defendants argue that a pre-filing order is required based on Mr. Delacruz's

14  "lengthy history of unsuccessfully prosecuting actions *in propria persona* against [the TAI

15  defendants] in both state and federal courts, as well as harassing [the TAI defendants]." Dkt. No.

16  69 at 2. They point to three prior federal actions filed in this district (as to which the TAI

17  defendants were parties to one action) and two state court probate matters (as to which defendant

18  Mike Antle was a party to one action). *See* Dkt. No. 70, Exs. A-E; *see also* Dkt. Nos. 7-2, 7-3.

19  The records presented reflect that the three prior federal actions principally concerned Mr.

20  Delacruz's efforts to overturn the California State Bar's decision to deny his applications for a law

21  license. *See* Dkt. No. 7-2, 7-3; Dkt. No. 70, Exs. A-C. In the third of those prior federal actions,

22  another judge in this district imposed Rule 11 sanctions against Mr. Delacruz, and warned that if

23  he attempted to "relitigate his disputes regarding his law license with the State Bar in a fourth

24  lawsuit, additional sanctions, including the imposition of a pre-filing order, would likely be

25  justified by this record." *See Delacruz v. State Bar of Cal.*, No. 19-cv-03241-LHK, 2020 WL

26  227237, at *16 (N.D. Cal. Jan. 15, 2020).

27      The present action does not involve such claims. Although the Court's focus is on Mr.

28  Delacruz's actions in this district, records from the state court probate matters indicate some

4

United States District Court
Northern District of California

overlap with the present litigation in Mr. Delacruz's general assertions that the TAI defendants have been harassing him in violation of a prior settlement agreement in an employment matter. However, the probate records presented indicate that Mr. Delacruz's claims were based on claims he filed in the first of his federal suits against the State Bar regarding the denial of his law license. *See* Dkt. No. 70, Exs. D, E.  Although Mr. Delacruz's probate claims were dismissed, with the state court noting the dismissal of Mr. Delacruz's first federal action (and the denial of his appeals), there is no finding by the state court that Mr. Delacruz's claims were frivolous or harassing.

On this record, the Court does not find Mr. Delacruz's litigation history particularly probative with respect to whether the claims Mr. Delacruz asserted in the present litigation may be considered frivolous or harassing.

Additionally, the scope of the TAI defendants' proposed pre-filing order, which precludes Mr. Delacruz from "fil[ing] any new litigation *in propria persona* in this [C]ourt which names any combination of defendants, which includes but is not limited to the [TAI defendants]" without first obtaining leave is grossly overbroad.  Dkt. No. 72; *see De Long*, 912 F.2d at 1148 (pre-filing order with "no boundaries" is not "narrowly tailored to closely fit the specific vice encountered.").  Even the TAI defendants' alternative proposal, which would require Mr. Delacruz to obtain leave before "instituting any new lawsuits in this Court or any other Federal Court against the [TAI defendants], concerning the facts and causes of action already litigated" (Dkt. No. 69 at 10-11), does not identify the specific claims or conduct that would be subject to the proposed pre-filing order, and thus is not narrowly tailored.

As the record presented is inadequate to meet all of the requirements for a pre-filing order, the TAI defendants motion for a pre-filing order is denied.[3]  While the Court finds that a vexatious litigant order is not yet warranted, the TAI defendants' motion raises serious concerns about whether Mr. Delacruz has engaged in "abuse of the judicial process."  *See De Long*, 912 F.2d at

---

[3] The Court finds it unnecessary to address Mr. Delacruz's other arguments in opposition to the present motion.

1148.[4]  He has filed several actions against scores of defendants, all of which have been unsuccessful.  A finding of frivolousness may be based upon a pattern of harassing particular defendants or the courts themselves.  *Ringgold-Lockhart*, 761 F.3d at 1065-66 (district courts may "enjoin future litigation out of concern for the affected parties, as well as out of concern for the courts themselves."); *De Long*, 912 F.2d at 1148 & n.3.  "[A] pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments may inform a court's decision that an injunction is necessary."  *Ringgold-Lockhart*, 761 F.3d at 1066.

Mr. Delacruz is advised that the Court's authority to enter a pre-filing order to protect other litigants or to prevent abuse of the judicial process is not constrained by any private agreement he may have with certain TAI defendants.  If Mr. Delacruz persists in filing iterations of the same complaint without any basis in law or fact, a court may well conclude that his litigation conduct meets the substantive requirements for a pre-filing order and that such an order is necessary.

**IT IS SO ORDERED.**

Dated: November 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[4] Mr. Delacruz's request for sanctions against the TAI defendants under 28 U.S.C. § 1927 is denied.